# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| V. | |
| ANDREW JAY MCGRATH | CASE NUMBER: 1:09-MJ-00278 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 23, 2009, and August 23, 2009, in Hamilton County, in the Southern District of Indiana, the defendant did employ, use, persuade, induce, entice, or coerce any minor, that being JANE DOE, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and did produce those visual depictions using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

Counts 1 & 2 - Sexual exploitation of children

in violation of Title 18, United States Code, Section 2251(a). I further state that I am a Special Agent and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

Michael D. Johnson, Special Agent

Sworn to before me, and subscribed in my presence

September 15, 2009                                    at        Indianapolis, Indiana
**Date**                                                              **City and State**

**Kennard P. Foster**                                     **Signature of Judicial Officer**
**Name and Title of Judicial Officer**

## AFFIDAVIT

I, Michael D. Johnson, being duly sworn, do hereby depose and state:

1. I am a Special Agent with the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) and I am currently assigned to the Office of Investigations, Resident Agent in Charge, Indianapolis, Indiana (RAC/IP). I have been employed as a Special Agent with ICE since February of 2006. Prior to being appointed as a Special Agent with ICE, I was a police officer for the City of Indianapolis for approximately eleven years. I spent nine of those years in an investigative capacity, the last four being assigned to the ICE task force. For two of those years, I was assigned to work within the ICE Office on ICE cases. During my experience with both agencies, I have been involved in numerous investigations, including those involving production, distribution, and possession of child pornography (as defined in 18 U.S.C. § 2256)[1]. I have had training through the Federal Law Enforcement Training Center, ICE, the Indiana State Police, Office of Juvenile Justice Prevention, the United States Attorney's Office, and Project Safe Childhood in investigating computer related crimes and child exploitation. Since being employed with ICE, I have had an opportunity to be temporarily assigned to ICE's Cyber Crimes Center (C3). During this assignment, I worked on active undercover cyber investigations, as well as the cataloging of over 10,000 images and videos of child pornography.

---

[1] "Child Pornography means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

2. The information contained within this affidavit is based on my personal observations, training, and experience, as well as information related to me by other law enforcement officers.

3. I am submitting this affidavit in support of a Criminal Complaint charging ANDREW JAY MCGRATH ("MCGRATH"), with two (2) counts of sexual exploitation of a minor female child who is less than five (5) years of age by using her to produce child pornography in violation of 18 U.S.C. §2251(a).

4. Because this affidavit is being submitted for the limited purpose of securing a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that MCGRATH violated 18 U.S.C. §2251(a). Where statements of others are set forth in this Affidavit, they are set forth in substance and in part. In pertinent part, 18 U.S.C. §2251(a) prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if that visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

5. On September 14, 2009, the affiant and detectives working for the Hamilton County Metro Internet Crimes Against Children Task Force approached and contacted MCGRATH at his residence, 120 Parkview Rd., Carmel, IN. The purpose for contacting MCGRATH was to investigate a complaint concerning the production of child pornography, and

to seek contraband, and evidence or instrumentalities of the possession, receipt, distribution or production of child pornography.

6. Upon knocking on the door of the residence, I was met by MCGRATH's father, who invited us in. I subsequently met with MCGRATH, advised him of the investigation and was granted consent to search his computer equipment, cameras and digital storage devices. During the course of reviewing digital evidence at MCGRATH's home, numerous images of child pornography were discovered. Upon that discovery, I advised MCGRATH of his rights pursuant to *Miranda v. Arizona*, and he agreed to speak with me. During the course of our conversation, MCGRATH admitted, among other things, to producing images of a minor female who is less than five (5) years of age ("JANE DOE") engaging in sexually explicit conduct.[2]

7. MCGRATH, as well as his parents with whom he lives, consented to a search of the residence and a seizure and search of any digital storage devices, computers and cameras found therein. A Nikon-brand, digital camera was recovered from the residence. MCGRATH identified the Nikon as the camera with which he had produced the images of JANE DOE engaged in sexually explicit conduct. Nikon digital cameras are produced outside of the State of Indiana, in the nation of Thailand.

8. A GFM-brand thumb drive, which is capable of storing digital images produced by digital cameras, was also recovered at the residence, along with other digital storage devices. Numerous images of JANE DOE engaging in sexually explicit conduct were able to be recovered from the thumb drive, to include:

---

[2] The definition of sexually explicit conduct includes a lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A)(v).

  i. **DSC_0537.jpg, DSC_0538.jpg, DSC_0539.jpg**: JANE DOE is depicted at her residence in Carmel, Indiana. The depictions shows JANE DOE fully nude, sitting on a stool, with her legs spread open in an unnatural position. Her genitals and pubic area are the focal point, or center, of the images. Data recovered along with the images indicates that they were produced on May 23, 2009. The affiant is aware of JANE DOE's precise age on May 23, 2009, but her date of birth has been omitted herein in order to preserve her privacy. Nevertheless, the affiant knows that JANE DOE was a minor when this images were produced.

  ii. **DSC_0561.jpg, DSC_0562.jpg, DSC_0563.jpg, DSC_0564.jpg**: JANE DOE is depicted laying on her back on a bed in MCGRATH's residence in Carmel, Indiana, in each of the images. In these depictions, JANE DOE is nude from the waist down. Her legs are open, pulled back to her chest, clearly displaying her genitals and pubic area to the camera. The focal point of these images is on the genitals and pubic area of JANE DOE. Data recovered along with the image indicates that they were produced on August 23, 2009. The affiant is aware of JANE DOE's precise age on August 23, 2009, but her date of birth has been omitted herein in order to preserve his privacy. Nevertheless, the affiant knows that JANE DOE was a minor when these images were produced.

9. MCGRATH was confronted with each of the images described above. MCGRATH admitted to using JANE DOE to produce each of the images, with the Nikon digital camera described above.

10. I have personally reviewed the images described above, and based on my training and experience, they depict an actual minor engaging in sexually explicit conduct.

11. Based on the aforementioned facts, your affiant respectfully submits that there is probable cause to believe that ANDREW JAY MCGRATH has violated 18 U.S.C. §2251(a). In consideration of the foregoing, your affiant respectfully requests that the United States District Court issue the Criminal Complaint for ANDREW JAY MCGRATH.

Michael D. Johnson, Special Agent
U.S. Immigration and Customs Enforcement

SUBSCRIBED TO AND SWORN BEFORE ME THIS 15th DAY OF SEPTEMBER, 2009

Kennard P. Foster
U.S. Magistrate Judge